1
2
3
4
5
6
7
8

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

9
10
11
12
13
14
15
16

| | |
|---|---|
| THOMAS D. PORTER,             ) | CASE NO.  1:04cv5961 TAG |
|            ) | |
|        Plaintiff,         ) | ORDER GRANTING DEFENDANTS' |
|             ) | MOTION TO COMPEL RESPONSES TO |
|        v.             ) | DISCOVERY |
|             ) | |
| G. DAVIS, BADGE # 776; BAGBY,    ) | (Doc. 18) |
| BADGE # 933; T. BROWN, BADGE    ) | |
| # 711; ERIC MATLOCK; CITY OF     ) | |
| BAKERSFIELD; and DOES 1 through   ) | |
| 20, inclusive,             ) | |
|             ) | |
|        Defendants.       ) | |
| _____ ) | |

17
18
19
20
21
22
23
24
25
26
27
28

Defendants move this Court for an order requiring the following items:  (1) an order compelling answers to Interrogatories, (2) an order compelling responses to production of documents requests, and (3) an order deeming all Requests for Admissions admitted.  (Doc. 18).  Defendants also seeks sanctions against Plaintiff for his failure to timely respond to the above requests.  (Doc. 18).

Plaintiff  failed to provide responses to the above mentioned discovery requests, despite Defendants' repeated requests, and failed to respond to Defendants' instant motion to compel responses to discovery.

**FACTUAL BACKGROUND**

Plaintiff filed this civil rights action on July 13, 2004.  (Court Doc. 1).  On September 14, 2004, Defendants answered the complaint.  (Court Doc. 7).  Discovery cut-off is June 17, 2005,

1

1    expert discovery cut-off is September 2, 2005, the pretrial conference is set for January 6, 2006, and

2    trial is set for February 27, 2006.  (Court Doc. 11).

3        On January 27, 2005, Defendants served Plaintiff with discovery requests consisting of a

4    Request for Production of Documents, Interrogatories and a Request for Admissions.  (Court Doc.

5    18).  Discovery responses were not received by Defendants by the March 3, 2005 deadline.

6    Defendants submitted a "meet and confer" letter to Plaintiff on March 10, 2005, advising him that if

7    discovery responses were not received within 10 days, a motion to compel responses would be filed

8    with the Court.  (Court Doc. 18).  On March 15, 2005, at Plaintiff's deposition, Plaintiff assured

9    Defendants that discovery responses were forthcoming.  (Court Doc. 18).  Defendants indicate that,

10   to date, they have received no responses to their discovery requests.  (Court Doc. 18).

11       Defendants additionally ask for sanctions in the amount of not less than $1,500.00 for

12   "researching and preparing" the motion to compel.  (Court Doc. 18).  Counsel bills at $150.00 per

13   hour and spent 10 hours preparing the motion.  (Court Doc. 18).

14   **ANALYSIS & DISCUSSION**

15   **A.      Discovery overview**

16       The purpose of discovery is to make trial "less a game of blind man's bluff and more a fair

17   contest with the basic issues and facts disclosed to the fullest practicable extent possible," United

18   States v. Procter & Gamble, 356 U.S. 677, 683, 78 S.Ct. 983, 987 (1958), and to narrow and clarify

19   the issues in dispute, Hickman v. Taylor, 329 U.S. 495, 501, 67 S.Ct. 385, 388 (1947).

20       Fed. R. Civ. P. 26(b) establishes the scope of discovery and states in pertinent part:

21       Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim
         or defense of any party, including the existence, description, nature, custody, condition, and
22       location of any books, documents, or other tangible things and the identity and location of
         persons having knowledge of any discoverable matter.  For good cause, the court may order
23       discovery of any matter relevant to the subject matter involved in the action.  Relevant
         information need not be admissible at trial if the discovery appears reasonably calculated to
24       lead to the discovery of admissible evidence.

25       "The party who resists discovery has the burden to show that discovery should not be

26   allowed, and has the burden of clarifying, explaining, and supporting its objections."  Oakes v.

27   Halvorsen Marine Ltd., 179 F.R.D 281, 283 (C.D. Cal. 1998); Nestle Foods Corp. v. Aetna Casualty

28   & Surety Co., 135 F.R.D. 101, 104 (D. N.J. 1990).

2

1    **B.    Interrogatories**

2         Functions of interrogatories include obtaining evidence, information which may lead to

3    evidence and admissions, and to narrow issues to be tried.  United States v. West Virginia Pulp and

4    Paper Co., 36 F.R.D. 250, 252 (S.D. N.Y. 1964).  The party answering interrogatories must furnish

5    "such information as is available to the party."  Fed. R. Civ. P. 33(a).  Fed. R. Civ. P. 33(b)(1)

6    requires an interrogatory to be answered "fully in writing under oath, unless it is objected to, in

7    which event the objecting party shall state the reasons for objection and shall answer to the extent the

8    interrogatory is not objectionable."  "The party upon whom the interrogatories have been served

9    shall serve a copy of the answers, and objections if any, within 30 days after the service of the

10   interrogatories."  Fed. R. Civ. P. 33(b)(3).

11        "Parties must provide true, explicit, responsive, complete, and candid answers to

12   interrogatories."  Hansel v. Shell Oil Corp., 169 F.R.D. 303, 305 (E.D. Pa. 1996).  If a responding

13   party is unable to supply requested information, "the party may not simply refuse to answer, but must

14   state under oath that he is unable to provide the information and 'set forth the efforts he used to

15   obtain the information.'"  Hansel, 169 F.R.D. at 305 (quoting Milner v. National School of Health

16   Tech., 73 F.R.D. 628, 632 (E.D. Pa. 1977)).  Fed. R. Civ. P. 33 "is to be given a broad and liberal

17   interpretation in the interest of according to the parties the fullest knowledge of the facts and of

18   clarifying and narrowing the issues."  West Virginia Pulp and Paper Co., 36 F.R.D. at 252.

19        "All grounds for an objection to an interrogatory shall be stated with specificity.  Any ground

20   not stated in a timely objection is waived . . ."  Fed. R. Civ. P. 33(b)(4).  The propounding party may

21   seek an order to compel further responses regarding "an objection to or other failure to answer an

22   interrogatory."  Fed. R. Civ. P. 33(b)(5); see, Fed. R. Civ. P. 37(a)(B).

23        Plaintiff has failed to comply with his discovery obligations under Fed. R. Civ. P. 33 by

24   failing to timely answer Defendants' interrogatories.  As noted by Defendants, in the absence of

25   these responses, Defendants are unable to effectively defend their interests and thus are prejudiced.

26   (Court Doc. 18).  Defendants are entitled to the information that Plaintiff has failed to provide.

27   Accordingly, it is hereby ordered that Plaintiff shall provide answers to Defendants' Interrogatories

28   on or before June 3, 2005.  Moreover, any objections to the Defendants' Interrogatories were waived

1   by Plaintiff's failure to timely respond to the interrogatories. Fed. R. Civ. P. 33(b)(4). Therefore,

2   Plaintiff's answers to the interrogatories shall be made without objection.

3   **C.      Request for Production of Documents**

4          Fed. R. Civ. P. 34(a) permits a requesting party to ask for documents "which are in the

5   possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(b)

6   requires a written response to a request for production to "state, with respect to each item or

7   category, that inspection and related activities will be permitted as requested, unless the request is

8   objected to, in which event the reasons for the objection shall be stated." A party is obligated to

9   produce all specified relevant and nonprivileged documents or other things which are in its

10  "possession, custody or control" on the date specified in the request. Fed. R. Civ. P. 34(a); Norman

11  Rockwell Int'l Corp. v. H. Wolfe Iron & Metal Co., 576 F.Supp. 511, 512 (W.D. Pa. 1983). The

12  propounding party may seek an order for further disclosure regarding "any objection to or other

13  failure to respond to the request or any part thereof, or any failure to permit inspection requested."

14  Fed. R. Civ. P. 34(b). Failure to respond to a Rule 34 request within the time permitted waives all

15  objections, including privilege and work product, absent an extension of time to respond or a

16  showing of good cause. Fed. R. Civ. P. 34(b)(4), Richmark Corp. V. Timber Falling Consultants,

17  959 F.2d 1468, 1473 (9th Cir. 1992).

18         Plaintiff has failed to comply with its discovery obligations under Fed. R. Civ. P. 34 by

19  failing to timely respond to Defendants' request for production of documents. As noted by

20  Defendants, in the absence of these responses, Defendants are not able to effectively defend their

21  interests and thus are prejudiced by Plaintiff's failure to timely respond. (Court Doc. 18).

22  Defendants are entitled to responses to their production requests, and, it is apparent, that Plaintiff has

23  utterly failed to produce any response to their request. Accordingly, it is hereby ordered that Plaintiff

24  shall respond to Defendants' request for production of documents on or before June 3, 2005.

25  Further, pursuant to Fed. R. Civ. P. 34(b)(4), Plaintiff's responses to Defendants' request for

26  production of documents shall be made without objection, including privilege and work product.

27  ///

28  ///

4

**D.     Admissions Deemed Admitted**

Defendants contend Plaintiff's failure to timely respond to the requests for admission constitutes automatic admissions to them.  Fed. R. Civ. P. 36(a) addresses requests for admission and provides in pertinent part:

> A party may serve upon any other party a written request for the admission . . . of the truth of any matters . . . set forth in the request that relate to statements or opinions of fact or of the application of law to fact . . .

> . . . The matter is admitted unless, within 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney . . . .

"Failure to respond to requests for admissions results in automatic admission of the matters requested. . . .  No motion to establish the admissions is needed because Federal Rule of Civil Procedure 36(a) is self executing."  Federal Trade Comm. v. Medicor, LLC, 217 F.Supp.2d 1048, 1053 (C.D. Ca. 2002).  "The failure to respond to admissions can effectively deprive a party of the opportunity to contest the merits of the case."  In re Carney, 258 F.3d 415, 421 (5th Cir. 2001).

Defendants served requests on January 27, 2005, and responses were therefore due on March 3, 2005.  (Court Doc. 18).  Defendants afforded Plaintiff an additional 18 days, until March 21, 2005, in which to provide responses; however, Plaintiff failed to respond.  Plaintiff failed to timely respond to Defendants' requests for admission.  Accordingly, pursuant to Fed. R. Civ. P. 36(a), all requests for admission are admitted.

**E.  Sanctions**

Pursuant to Fed. R. Civ. P. 37(a)(4), the party who prevails on a motion to compel is entitled to his or her expenses, including reasonable attorney fees, "incurred in making the motion," unless the losing party was substantially justified in making or opposing the motion or other circumstances that make such an award unjust.  The burden is on the losing party to affirmatively demonstrate that its position was substantially justified.  Fed. R. Civ. P. 37(a)(4), Advisory Comm. Notes (1970).

This motion was necessary to gain compliance with Fed. R. Civ. P. 33 and 34.  The evidence before the Court is such that Plaintiff has wilfully failed to respond.  The trial date of February 27, 2006, is fast approaching and Plaintiff has, to date, provided essentially no information

5

1    to Defendants in violation of Fed. R. Civ. P. 26, 33 and 34.  The Court finds that good cause exists to

2    impose sanctions upon Plaintiff for wilfully failing to provide discovery.

3         Accordingly, the Court grants Defendants' request for monetary sanctions.  Defendants'

4    counsel seeks sanctions equivalent to ten hours of time at his hourly rate for preparing the instant

5    motion.  Defendants' counsel asks for an hourly rate of $150.00 per hour.  Based on the Court's

6    experience with other similar requests, the undersigned finds that the requested hourly rate is a

7    reasonable rate in this District and the time spent in researching and preparing the instant motion is

8    reasonable for the services provided by Defendants' counsel.  Accordingly, the Court awards to

9    Defendants 10 hours at $150.00 per hour for an award of $1,500.00 payable by Plaintiff.

10                                   **ORDERS**

11         Based on the foregoing, the Court GRANTS Defendants' Motion to Compel Responses to

12    Discovery and makes the following orders:

13               1.      Defendants' motion to compel responses to interrogatories is GRANTED.

14                       ( Doc. 18).

15               2.      Defendants' motion to compel responses to the requests for production of

16                       documents is GRANTED.  (Doc. 18).

17               3.      Defendants' motion for an order deeming admitted Defendants' requests for

18                       admissions is GRANTED. (Doc. 18). The requests for admissions are

19                       admitted based on Plaintiff's failure to timely respond.

20               4.      Defendants' request for monetary sanctions against Plaintiff is GRANTED.

21                       (Doc. 18). Sanctions are imposed against Plaintiff and awarded to Defendants

22                       in the amount of $1,500.00. Plaintiff is ordered to pay the $1,500.00 sanction

23                       award to Defendants on or before June 3, 2005.

24               5.      Plaintiff is ordered to serve answers to Defendants' Interrogatories, without

25                       objections, on or before June 3, 2005.

26               6.      Plaintiff is ordered to produce all documents responsive to Defendants'

27                       request for production, without objections, and to serve written responses, on

28                       or before June 3, 2005.

1    **FAILURE TO COMPLY WITH THIS ORDER SHALL RESULT IN THE**

2    **IMPOSITION OF FURTHER SANCTIONS INCLUDING MONETARY, ISSUE,  AND**

3    **TERMINATING SANCTIONS.**

4

5    IT IS SO ORDERED.

6    **Dated:    May 18, 2005**                    ____/s/ Theresa A. Goldner____
     j6eb3d                          UNITED STATES MAGISTRATE JUDGE

7    above

7