# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS D. PORTER,<br><br>Plaintiff,<br><br>v.<br><br>G. DAVIS, BADGE # 776; BAGBY, BADGE # 933; T. BROWN, BADGE # 711; ERIC MATLOCK; CITY OF BAKERSFIELD; and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO. 1:04cv5961 TAG<br><br>ORDER FOR PLAINTIFF TO APPEAR AND TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THIS COURT'S ORDER<br>(Docs. 19 & 20)<br><br>**APPEARANCE DATE:** July 25, 2005<br>Time: 9:00 a.m.<br><br>**DATE TO SUBMIT RETURN:** July 21, 2005 |

On June 24, 2005, Defendants moved this Court for an order to dismiss this action as result of Plaintiff's abuse of the discovery process and failure to comply with this Court's May 18, 2005 order. (Doc. 20).

In violation of this Court's May 18, 2005 order, Plaintiff has allegedly failed to provide answers to Defendants' interrogatories, failed to timely produce all documents responsive to Defendants' request for production, and failed to timely pay $1,500.00 in a sanction award to Defendants. (Docs. 19 & 20).

Plaintiff filed this civil rights action on July 13, 2004. (Doc. 1). On September 14, 2004, Defendants answered the complaint. (Doc. 7). The non-expert discovery deadline was June 17, 2005, the expert discovery deadline is September 2, 2005, the pretrial conference is scheduled for January 6, 2006, and the trial is scheduled for February 27, 2006. (Doc. 11).

1        On January 27, 2005, Defendants served Plaintiff with discovery requests consisting of a Request for Production of Documents, Interrogatories and a Request for Admissions.  (Doc. 18). Discovery responses were not received by Defendants by the March 3, 2005 deadline.  Defendants submitted a "meet and confer" letter to Plaintiff on March 10, 2005, advising him that if discovery responses were not received within 10 days, a motion to compel responses would be filed with the Court.  (Doc. 18).  On March 15, 2005, at Plaintiff's deposition, Plaintiff assured Defendants that discovery responses were forthcoming.  (Doc. 18).  No responses to Defendants' discovery requests were received by Defendants; therefore, on April 14, 2005, Defendants filed a motion to compel Plaintiff to submit answers to the interrogatories and file responses to the production of documents requests.  (Doc. 18).  In addition, Defendants requested that the Court deem all requests for admissions admitted and sanction Plaintiff for his failure to timely respond to the discovery requests.  (Doc. 18).  Defendants' motion to compel discovery responses and for sanctions came on regularly for hearing on May 16, 2005, at which time Plaintiff failed to appear or otherwise respond to Defendants' motion.

        On May 18, 2005, the Court ordered as follows:  (1) granted Defendants' motion to compel Plaintiff to submit answers to the interrogatories and responses to the production of documents requests, (2) deemed admitted Defendants' requests for admissions, (3) granted Defendants' sanction request in the amount of $1,500.00, payable by Plaintiff on or before June 3, 2005, (4) ordered Plaintiff to serve answers to Defendants' interrogatories, without objections, on or before June 3, 2005, and (5) ordered Plaintiff to produce responsive documents to Defendants' request for production, without objections, and serve the responses on or before June 3, 2005.  (Doc. 18).

        In motion to dismiss filed on June 24, 2005, Defendants contend that, to date, they have received no responses to their discovery requests or the Court's May 18, 2005 order, nor have they received payment of the Court ordered monetary sanction.  (Doc. 20).

        This Court's Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have inherent power to control their dockets and "in the exercise of that power, they may impose sanctions

including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff is ORDERED to APPEAR and SHOW CAUSE on July 25, 2005, at 9:00 a.m. before the Honorable Theresa A. Goldner, United States Magistrate Judge, in the United States District Court Courtroom at 1300 18th Street, Bakersfield, CA, 93301, why the instant action should not be dismissed for Plaintiff's failure to comply with this Court's May 18, 2005 order.

2. If Plaintiff has any reasons why this action should not be dismissed, they shall be submitted by sworn declaration of facts on or before July 21, 2005, to which a supporting memorandum of law may be appended.

Plaintiff is forewarned that his failure to comply with and/or respond to this order shall result in a dismissal of this case pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:   June 29, 2005**          /s/ Theresa A. Goldner
j6eb3d                              UNITED STATES MAGISTRATE JUDGE